**Marie B. PARK, Appellant,**

v.

**UNIVERSAL SURETY OF AMERICA, Appellee.**

**No. 14–99–00229–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 20, 2000.

David Sibley, Corpus Christi, for appellants.

Barry Stephan Rabon, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## OPINION

DON WITTIG, Justice.

Marie B. Park appeals the trial court's grant of summary judgment in favor of appellee, Universal Surety of America. She and her husband, Dean Park, had contractually indemnified Universal on a performance bond, on which Universal later made payment. Dean filed bankruptcy and was granted a discharge and thus is no longer a party to this case. The court ordered Marie to indemnify Universal for the payment and its expenses. The primary issue in this appeal is whether Marie raised a fact issue as to Universal's reasonableness in handling the claim against the

bond. We hold she did, therefore, we reverse and remand.

## Facts

Construction & Real Estate Investment Corporation, Inc. (CREIC) contracted with the Town of Refugio to make utility improvements. Universal issued surety bonds for the projects on behalf of CREIC and in favor of Refugio. Dean Park, the president of CREIC, and his wife, Marie, signed a general indemnification agreement (GIA) to Universal. Though the facts of record are sketchy, it appears a dispute developed between CREIC and Refugio and CREIC withdrew from the job, alleging Refugio's non-payment. Refugio sent letters to Universal stating CREIC was in default. Dean then attempted to intervene, claiming that Refugio was not entitled to payment on the bond. Universal, however, paid Refugio's claim. Universal then sought indemnity from appellant, Dean, and CREIC, claiming payments to Refugio, expenses, and attorney's fees totaling $330,243.47. Later, Universal sued CREIC and the Parks for this amount. Dean Park filed bankruptcy and was dismissed from the suit.

Universal then filed a motion for summary judgment against CREIC and appellant. In support, among other things, it attached a letter from Refugio notifying Universal it had terminated its contract with CREIC. In the letter, Refugio stated CREIC had breached its agreement by "[r]epeatedly failing to supply sufficient skilled workmen or suitable materials or equipment" and "[r]epeatedly failing to make prompt payments to Subcontractors for labor, material and/or equipment." Universal also points to the GIA, which provides that an "itemized statement of [a] loss or expense, sworn to by a representative of the Surety, on the vouchers or other evidence of disbursement by the Surety, shall be prima facie evidence of the fact and amount of liability of [appellant]." Universal provided the affidavit of a custodian of records and claims attorney with Universal, stating the amount of losses as

a result of CREIC's failure to perform were in excess of $330,243.47. Incorporated into the custodian's affidavit was an exhibit specifying payments made to cover the losses and expenses incurred "as a result of CREIC's default."

In response, Marie countered with another provision in the GIA which authorizes the surety to compromise any claim and seek indemnity from her provided that the payment:

> [is] made by the Surety in the reasonable belief that it might be liable for the amount disbursed, or that such payment or compromise was reasonable or expedient under all the circumstances.

To show Universal did not comply with these reasonableness provisions, Marie offered Dean Park's affidavit. In it, Dean claims: (1) that Refugio never timely paid CREIC, sometimes being over 60 days late on draws; (2) that some of the draws owed by Refugio reached six figures and that some draws were never even paid; (3) that Refugio never gave required notice it contested any part of the draws; (4) that he told Universal he had stopped the job because Refugio had stopped paying him; this, he states, was a material default by Refugio; (5) that Universal did not charge Refugio for the remaining work it did, which resulted in Refugio getting free work at CREIC's expense; and (6) that Universal appropriated a $25,000 letter of credit but failed to credit CREIC for it.

## Standard of Review

We review a summary judgment de novo. *See Reyes v. Storage & Processors, Inc.,* 995 S.W.2d 722, 725 (Tex.App.-San Antonio 1999, pet. ref'd). The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there was a fact issue raised to preclude summary judgment, we take proof favorable to the nonmovant as true, indulge every reason-

able inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. *See Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

## Discussion

Both parties cite *Associated Indem. v. CAT Contracting,* 964 S.W.2d 276 (Tex. 1998), in support of their respective claims. In that case, the supreme court interpreted a similar GIA, except that instead of requiring *reasonableness* in paying the claim, the GIA required the surety exercise *good faith. Id.* at 283. The court first held that the good faith requirement was a condition precedent to the surety's right to seek indemnity. *Id.* (party seeking to recover under a contract bears burden of proving all conditions precedent have been satisfied).

The court then rejected the indemnitor's claim that the surety was required to "conduct a reasonable investigation" where the surety is given express authority to settle claims in good faith. *Id.* at 284. The court held that a showing the surety failed to act in good faith requires "more than merely negligent or unreasonable conduct; it requires proof of an improper motive or willful ignorance of the facts." *Id.* at 285. In effect, the court sternly held that the surety contract language of good faith is the absence of ill will or fraud.

In our case, Universal essentially argues that under *Associated Indemnity* it should only be held to the good faith/misconduct standard. This position is untenable. *Associated Indemnity* does not stand for the general proposition that a surety is only required to exercise good faith in settling any claim. Rather, it narrowly holds that a surety is held to this good faith/misconduct standard where the parties contract for such a standard. Universal's own contractual language patently requires otherwise—that it act reasonably in settling a claim.

To raise a fact issue, then, Marie was not required to show Universal acted in bad faith, but only to provide some proof that Universal did not hold a "reasonable belief that it might be liable for the amount disbursed" or that its "payment or compromise was [not] reasonable or expedient under all the circumstances." *Id.* at 283. Stated in terms of Universal's overall summary judgment burden, as a condition precedent to Marie's liability under the GIA, Universal was required to conclusively prove it acted reasonably. *Id.* As noted, Dean's affidavit asserted that: (1) he notified Universal that he had pulled his people and equipment off the job because of Refugio's multiple breaches of non-payment of large draws; (2) Universal did not charge Refugio for the remaining work it did, which resulted in Refugio getting free work at CREIC's expense; and (3) Universal appropriated a $25,000 letter of credit but failed to credit CREIC. Though Dean's affidavit could have been more precise, it is sufficient to show that he notified Universal that he had a defense of non-payment to Refugio's claims and that Universal overpaid the claim.[1] Therefore, indulging every reasonable inference in favor of appellant, and resolving all doubts in her favor, we hold that appellant presented sufficient proof to raise a fact issue whether Universal complied with the condition precedent to its right of indemnity. *See Nixon,* 690 S.W.2d at 548–49; *see also Zambory v. City of Dallas,* 838 S.W.2d 580, 583 (Tex.App.-Dallas 1992, writ denied) ("reasonableness" presents a fact issue rarely appropriate for summary judgment). Because of this, the trial court erred in granting summary judgment. We sustain appellant's issue.

The judgment of the trial court is reversed and remanded.

---

1. We see no place in the record where Universal objected to or otherwise responded to Dean's affidavit and allegations. Its motion seems to have been based on a misplaced reliance and erroneous reading of *Associated Indemnity.*